UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| HARDES HOLDING, LLC,<br><br>Appellant,<br><br>vs.<br><br>SANDTON CREDIT SOLUTIONS MASTER FUND, III, LP,<br><br>Appellee. | 3:19-CV-3009-RAL<br><br>OPINION AND ORDER GRANTING APPELLEE'S MOTION TO DISMISS AND DENYING APPELLANT'S MOTIONS TO PROCEED UNDER DERIVATIVE STANDING AND TO AMEND CAPTION |

On April 15, 2019, a bankruptcy appeal was filed in the name of Hardes Holding, LLC (Hardes Holding), after an adverse determination in bankruptcy court. Docs. 4 at 5; 6 at 2. The appeal was not filed by the Trustee appointed by the Bankruptcy Court but rather by former managers of Hardes Holding. Docs. 4 at 5; 6 at 2. To distinguish among the Trustee, Hardes Holding, and former managers of Hardes Holding seeking to act on its behalf, this Opinion and Order uses "Debtor" to refer to the former managers of Hardes Holding seeking to act on its behalf. Creditor, Sandton Credit Solutions Master Fund, III, LP (Sandton), moved to dismiss the appeal, asserting that Debtor lacks standing to bring the appeal on Hardes Holding's behalf. Doc. 4. Debtor filed a response arguing that Debtor did have standing and, in the alternative, filed a motion to pursue the appeal under derivative standing or to amend the caption to name a former manager as the appellant. Docs. 6, 7. For the reasons discussed herein, Creditor's motion to dismiss is granted, and Debtor's motions are denied.

I. **Factual Background**

1

Hardes Holding is a five-member LLC that owns property and has a large farming operation in Hand County and Ziebach County in South Dakota. Docs. 4 at 1; 6 at 1. In July of 2015, Hardes Holding received a loan from Sandton for the total face amount of $9,854,040.70. Docs. 4 at 1; 6 at 3. The loan was secured by a mortgage and lien on Hardes Holding assets. Doc. 4 at 1. In November 2015, the loan agreement was amended to add Hardes Partnership, a sister entity of Hardes Holding, as a borrower. Docs. 4 at 1; 6 at 3. The five members of Hardes Holding are guarantors on the loan from Sandton. Doc. 6 at 3.

On May 1, 2017, Hardes Holding defaulted on its loan obligation to Sandton, and the loan matured on July 24, 2017. Doc. 6 at 4. Hardes Holding filed a petition under Chapter 11 of the Bankruptcy Code in December 2017, and Sandton filed a proof of claim in that case in March 2018. Doc. 4 at 2. Sandton claimed $11,584,980.18, plus accruing interest, attorney's fees, and costs against the bankruptcy estate. Docs. 4 at 2; 6 at 4. Hardes Holding objected to the valuation of Sandton's claim on April 30, 2018, on the grounds that Sandton was an unlicensed lender under South Dakota Codified Law (SDCL) § 54-4-52 at the time it made the loan, and therefore could only claim the principal balance outstanding on the loan under SDCL § 54-4-76. Docs. 4 at 1; 6 at 1. Under Hardes Holding's valuation of Sandton's claim, Hardes Holding would owe more than five million dollars less on the loan. Doc. 6 at 1, 4.

Before the Bankruptcy Court could rule on the objection, Sandton moved that court to appoint a Chapter 11 trustee based on managerial misconduct. Doc. 4 at 4. A Chapter 11 trustee was appointed, and after the Trustee's motion, the case was converted to one under Chapter 7 of the Bankruptcy Code in January 2019. Docs. 4 at 4; 6 at 1. The Trustee prosecuted the objection Hardes Holding raised the year prior by using Debtor's former lawyer as special counsel. Docs. 4 at 5; 6 at 1. The Bankruptcy Court considered the objection and concluded that SDCL § 54-4-76

2

did not apply to limit Sandton's loan to the principal amount, thus overruling Hardes Holding's objection. Docs. 4 at 5; 6 at 1, 4. Ten days after the Bankruptcy Court overruled Hardes Holding's objection, Trustee terminated the estate's representation by the special counsel and did not file an appeal of the Bankruptcy Court's decision. Docs. 4 at 5; 6 at 4–5. On the last day to appeal the Bankruptcy Court's decision, Debtor filed an appeal on behalf of Hardes Holding with this Court. Docs. 4 at 5; 6 at 5.

Sandton now moves this Court to dismiss Debtor's appeal because it was not brought by the Trustee, and Debtor therefore lacks standing to pursue the appeal. Doc. 4. Debtor responded to Sandton's motion by arguing that it does have standing because the Trustee has not objected to the appeal. Doc. 6. In the alternative, Debtor moves this Court to allow it to pursue the appeal under derivative standing or to amend the caption to name one of the former managers as an individual appellant. Doc. 7. In light of Debtor's argument, this Court issued an order directing the Trustee to either join or object to the appeal brought by Debtor. Doc. 14. On October 21, 2019, Trustee filed an objection to the appeal, stating that "Trustee does not believe the appeal is in the best interest of the bankruptcy estate or the creditors," and requesting that the appeal be dismissed. Doc. 15.

## II. Legal Standard

Standing to bring an appeal is a jurisdictional issue which the court has a duty to decide before considering the underlying claims. Nangle v. Surratt-States (In re Nangle), 288 B.R. 213, 215 (B.A.P. 8th Cir. 2003). "Standing in a bankruptcy appeal is narrower than Article III standing." Peoples v. Radloff (In re Peoples), 764 F.3d 817, 820 (8th Cir. 2014). The "person aggrieved" standard is the governing rule for determining whether an appellant has such standing. Id. (citing Sears v. Badami (In re AFY), 734 F.3d 810, 819–20 (8th Cir. 2013)). Under the "person

3

aggrieved" rule, standing is limited to individuals who have a financial stake in the Bankruptcy Court's order—that is, those who are directly and adversely affected pecuniarily by it. In re AFY, 734 F.3d at 819. "Standing is a component of subject matter jurisdiction that may be challenged at any time during the proceeding." Larson v. Foster (In re Foster), 516 B.R. 537, 544 (B.A.P. 8th Cir. 2014). If a party attempting to appeal a Bankruptcy Court order lacks standing to bring the appeal, the action should be dismissed for lack of subject matter jurisdiction. See id. Because Debtor attempts to invoke subject matter jurisdiction by asserting standing in three different ways, each argument will be addressed in turn.

### III. Discussion

#### A. Standing to Pursue the Appeal on Hardes Holding's Behalf

Debtor first argues that it has standing to appeal the Bankruptcy Court order on behalf of Hardes Holding. Docs. 6, 12. Debtor primarily bases this contention on the fact that, at the time, the Chapter 7 Trustee appointed to represent Hardes Holding's bankruptcy estate had not objected to this appeal. Doc. 6 at 6–7. However, since Debtor's most recent filing, the Trustee has objected to the appeal and now requests its dismissal. Doc. 15.

"Upon the commencement of a case in bankruptcy, all corporate property passes to an estate represented by the trustee." Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352 (1985) (citing 11 U.S.C. §§ 323, 541). The trustee of a bankruptcy estate has extensive management authority over the estate and its property and is tasked with maximizing its value. Id. The appointment of a trustee simultaneously limits the powers of a debtor's directors to such an extent that they are essentially "completely ousted." Id. at 352–53 (citation omitted). The directors' duties at that point are to turn over the debtor's property to the trustee and to provide information to the trustee and creditors. Id. at 352. Part of the debtor's estate that the directors

transfer to the trustee are causes of action. In re Peoples, 764 F.3d at 820 (citing 11 U.S.C. § 541(a)).

The Tenth Circuit addressed a bankruptcy appeal issue similar to the one before this Court when it decided C.W. Mining Co., v. Aquila, Inc. (In re C.W. Mining Co.), 636 F.3d 1257 (10th Cir. 2011). In C.W. Mining, the Tenth Circuit considered whether the managers of a corporation in Chapter 7 bankruptcy proceedings may bring an appeal over the Chapter 7 trustee's objection. Id. at 1259. The court found that legal claims, including appeal rights, are property of the estate and are therefore under the exclusive control of the Chapter 7 trustee. Id. at 1262. The court recognized that although others may have standing to appeal a bankruptcy court decision as "persons aggrieved," those individuals could "not usurp the *corporation's* right to appeal, which may be exercised by the trustee alone." Id. at 1263. The Tenth Circuit held that "following the appointment of a trustee in a corporate Chapter 7 bankruptcy, the corporation's former managers are not authorized to bring the corporation's appeal." Id. at 1265.

A corporation can act only through its authorized agents. Weintraub, 471 U.S. at 348. Therefore, only a party with authority may exercise the corporation's rights, including appeal rights. When a trustee is appointed in Chapter 7 bankruptcy proceedings, the authority to prosecute appeals previously vested in the entity's directors or managers becomes the authority of the appointed trustee. In re C.W. Mining Co., 636 F.3d at 1265. The former managers of a corporation may not bring an appeal on behalf of the corporation over the objection of a bankruptcy court appointed Chapter 7 trustee. Id. at 1265.

Here, Hardes Holding's members lost the authority to appeal on behalf of the LLC when the Chapter 7 Trustee was appointed. From that point on, the authority and duties of Hardes Holding's members fundamentally changed, and their primary responsibility was merely to turn

over assets and information to the Trustee. One such asset was the objection to Sandton's claim that the Trustee prosecuted and its resulting appeal right. The members of Hardes Holding no longer had authority to bring or defend claims against the estate. By initiating this appeal in the LLC's name without the Trustee's consent, the members of Hardes Holding attempted to usurp the Trustee's authority and to assert the rights of an entity independent of themselves. Because the members of Hardes Holding did not have authority to raise appeals on behalf of the LLC, they lack standing to pursue this appeal in its name.

Debtor attempts to distinguish its case from C.W. Mining by asserting it still has authority to bring the appeal so long as the Trustee does not object to the action. Doc. 6 at 6–7. However, the Trustee has objected to this appeal, Doc. 15, thus bringing it squarely within the purview of the C.W. Mining decision. Because the Trustee, the only authorized agent to bring this appeal on Hardes Holding, LLC's behalf, objects to this appeal, the previous managers or directors of Hardes Holding do not have standing to pursue this appeal.

**B. Derivative Standing**

Debtor next attempts to gain standing by asking this Court to allow it to proceed under derivative standing. Doc. 7. "A creditor who brings avoidance claims in place of the trustee is said to possess 'derivative standing.'" Racing Servs., Inc. v. N.D. Racing Comm'n (In re Racing Servs.), 540 F.3d 892, 895 (8th Cir. 2008). Some circuits' bankruptcy appellate panels recognize that individual debtors may also possess derivative standing to prosecute avoidance claims. See, e.g. Countrywide Home Loans v. Dickson (In re Dickson), 427 B.R. 399, 406 (B.A.P. 6th Cir. 2010). However, Debtor cites no authority, and this Court finds none, that permit a Chapter 7 corporate debtor to bring an appeal under derivative standing. This Court need not address this issue because, even if a corporate debtor could seek derivative standing, the managers of Hardes

6

Holding would not satisfy the requirements to establish such standing under Eighth Circuit precedent.

The Eighth Circuit has recognized that derivative standing can be established in bankruptcy proceedings in two ways. See In re Racing Services, 540 F.3d at 900, 902. The first method allows derivative standing where the person seeking it, typically a creditor, shows "(1) it petitioned the trustee to bring the claims and the trustee refused; (2) its claims are colorable; (3) it sought permission from the bankruptcy court to initiate an adversary proceeding; and (4) the trustee unjustifiably refused to pursue the claims." Id. at 900. Derivative standing may also be established when "(1) the [creditor] has the consent of the ... trustee, and (2) the [bankruptcy] court finds that suit by the [creditor] is (a) in the *best interest* of the bankruptcy estate, and (b) *is necessary and beneficial* to the fair and efficient resolution of the bankruptcy proceedings." Id. at 902 (alteration in original) (quoting Commodore Int'l Ltd. v. Gould (In re Commodore Int'l Ltd.), 262 F.3d 96, 100 (2d Cir. 2001)).

Debtor fails the first test for derivative standing under its first prong. When the Trustee was appointed in this case, the objection at the center of this appeal was already pending before the Bankruptcy Court. Docs. 4 at 3-4; 6 at 1. The Trustee then exercised its authority over the claim and prosecuted the objection through special counsel. Docs. 4 at 4-5; 6 at 1. Therefore, with regard to the initial action, Debtor cannot show that "it petitioned the trustee to bring the claims and the trustee refused," because the Trustee did in fact pursue the claim. Id. at 900. If Debtor believes it can assert derivative standing because the Trustee refused to file the appeal, its argument still fails under the first prong because it did not show that it petitioned the Trustee to bring the appeal. Rather, Debtor asserts that the special counsel presumably thought an appeal should be taken, the Trustee did not and therefore did not appeal, and that Debtor on its own

7

determined that an appeal should be taken and so filed. Doc. 6 at 1-2. Because Debtor cannot establish that "it petitioned the trustee to bring the claims and the trustee refused," it cannot satisfy the first test for derivative standing articulated by the Eighth Circuit.

Debtor likewise fails the second test for derivative standing under that test's first prong. At the time Debtor filed this appeal, the Trustee had not yet objected to this action. However, the Trustee has subsequently objected to the appeal and now requests its dismissal. Doc. 15. Therefore, Debtor does not have the consent of the Trustee as required by the second test for derivative standing. Because Debtor cannot establish the prerequisites for derivative standing under either test adopted by the Eighth Circuit, its motion to proceed under derivate standing is denied.

**C. Amending Caption**

Debtor next attempts to invoke this Court's subject matter jurisdiction by asking it to amend the caption to name Wade Hardes, an individual managing member of Hardes Holding prior to Trustee's appointment, as the appellant and to find that he personally has standing to appeal. Doc. 7 at 4-5. "Bankruptcy courts are courts of equity," Racing Servs., Inc. v. Bala (In re Racing Servs., Inc.), 571 F.3d 729, 733 (8th Cir. 2009), and may craft equitable remedies when appropriate, see Young v. United States, 535 U.S. 43, 50 (2002). Amending the caption to an appeal may be appropriate when the original document "fail[s] to name a party whose intent to appeal is otherwise clear from the notice." Kosmala v. Imhof (In re Hessco Indus., Inc.), 295 B.R. 367, 371 (9th Cir. 2002) (quoting Fed. R. App. P. 3(c)(4)).

In C.W. Mining, the Tenth Circuit recognized that although only a corporation's Chapter 7 trustee may bring an appeal on the corporation's behalf, its managers may appeal a bankruptcy order in their own right if they have standing as "persons aggrieved." In re C.W. Mining Co., 636

F.3d at 1266. To qualify as a "person aggrieved," "the appellant has the burden to demonstrate that 'the challenged order directly and adversely affect[ed] his pecuniary interests.'" O & S Trucking, Inc. v. Mercedes Benz Fin. Servs. (In re O & S Trucking), 811 F.3d 1020, 1023 (8th Cir. 2016) (quoting Spenlinhauer v. O'Donnell, 261 F.3d 113, 118 (1st Cir. 2001)). Even the loss of a small amount of money can qualify as a pecuniary injury to establish standing. Czyzewski v. Jevic Holding Corp., 137 S. Ct. 973, 983 (2017). In the bankruptcy context, courts apply the shareholder standing rule to assist in determining whether a "person aggrieved" has been harmed directly or indirectly. In re AFY, 734 F.3d at 820. Under the shareholder standing rule, shareholders cannot appeal a bankruptcy court decision if they have only a derivative interest in the outcome. Id.

Wade Hardes should not be substituted as the appellant in this case because the Notice of Appeal and Statement of Election did not make it clear that he was the party who intended to appeal the Bankruptcy Court order. The Notice of Appeal filed in this action identifies the appellant as the Debtor Hardes Holding, LLC. Doc. 1 at 1. It lists the parties to this appeal as Hardes Holding, LLC, represented by Clair Gerry and Robert Meadors, and Sandton Credit Solutions Master Fund III, LP, represented by Roger W. Damgaard and Jordan F. Feist. Doc. 1 at 2. Nothing in the notice makes it clear that Wade Hardes is the intended or appropriate appellant in this action. In fact, Hardes Holding's subsequent filings in this matter continue to argue that the entity Hardes Holding, not the individual Wade Hardes, should be able maintain this appeal. Docs. 6, 7; Doc. 12 ("Hardes Holding, LLC strongly believes that [it] has standing and can prosecute this appeal itself[.]"). Therefore, this Court cannot say that Wade Hardes is a party "whose intent to appeal is otherwise clear from the notice," In re Hessco Indus., Inc. 295 B.R. at 371, and declines to exercise its equitable powers to allow for the amendment of the caption.

Even if this Court did decide to amend the caption to name Wade Hardes as the appellant, this appeal would still need to be dismissed for lack of jurisdiction because Mr. Hardes cannot satisfy the "person aggrieved" standard. Although C.W. Mining specifically recognizes that a corporation's managers may bring an appeal if they have been injured themselves, they must still satisfy the "persons aggrieved" requirement. In re C.W. Mining Co., 636 F.3d at 1266. Hardes Holding asserts that "Wade Hardes has a financial stake in this matter not only as a member of Hardes Holding, but also as one of the guarantors on the loan." Doc. 7 at 5. Mr. Hardes's status as a member of Hardes Holding grants him only an indirect, derivative pecuniary interest in the outcome of this appeal—that is, any beneficial judgment from this action would not go to him but would go to the bankruptcy estate to be distributed to creditors and later to him in the event of a surplus. This type of indirect interest cannot establish standing as a "person aggrieved" under the shareholder standing rule.

Wade Hardes's status as a guarantor on the loan may grant him standing if he is personally adversely affected pecuniarily by the order, but he is not. Hardes Holding asserts that it is a solvent debtor, and that its assets exceed its liabilities by several million dollars. Doc. 6 at 2, 7. Under that valuation, the bankruptcy estate can and will cover the full balance of the Sandton loan, and Wade Hardes will not be required to contribute any money to its satisfaction. Therefore, Wade Hardes is not personally aggrieved by the Bankruptcy Court order and does not have standing to appeal it.

Because the Notice of Appeal did not make it clear that Wade Hardes was the intended appellant and because he would lack standing if he was the named appellant, Hardes Holding's alternative Motion to Amend Caption is denied.

**IV.    Conclusion**

For good cause, it is hereby

ORDERED that Sandton's Motion to Dismiss Appeal, Doc. 4, is granted. It is further

ORDERED that Debtor's Motion to Pursue Appeal Under Derivative Standing, Doc. 7, is denied. It is further

ORDERED that Debtor's alternative Motion to Amend Caption, Doc. 7, is denied.

DATED this 27th day of November, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE